IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HP INC.,<br><br>      Plaintiff,<br><br>v.<br><br>ACCESS ADVANCE LLC, DOLBY INTERNATIONAL AB, DOLBY LABORATORIES LICENSING CORPORATION, MITSUBISHI ELECTRIC CORPORATION, and KONINKLIJKE PHILIPS N.V.,<br><br>      Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. § 1441(a), Defendants Access Advance LLC ("Access Advance"), Dolby International AB ("Dolby AB"), Dolby Laboratories Licensing Corporation ("Dolby Licensing") (together with Dolby AB, "Dolby"), Mitsubishi Electric Corporation ("Mitsubishi"), and Koninklijke Philips N.V. ("Philips") (collectively, "Defendants" and individually "Defendant") hereby remove the civil action *HP, Inc.* v. *Access Advance LLC, Dolby Int'l AB, Dolby Lab'ys Licensing Corp., Mitsubishi Elec. Corp., and Koninklijke Philips N.V.*, Civil Action No. 22484CV01952-BLS2 ("State Court Action") from the Massachusetts Superior Court, Business Litigation Session ("State Court") to the United States District Court for the District of Massachusetts. In sum, the State Court Action asserts multiple claims related to a FRAND patent license (as described below) which constitutes a defense to patent infringement over which the federal courts have exclusive jurisdiction.

As grounds for removal, Defendants state the following:

## I. PROCEDURAL HISTORY

1. Plaintiff HP, Inc. ("Plaintiff" or "HP") commenced this action on July 24, 2024, by filing a complaint with the State Court ("Complaint"). The State Court Action was assigned Civil Action Number 22484CV01952-BLS2.

2. On July 25, 2024, HP provided Defendant Mitsubishi with the Complaint via e-mail. A copy of this email correspondence is attached hereto as Exhibit A. For ease of reference, the Complaint has been separately attached hereto as Exhibit B.[1] As of the filing of this Notice, HP has not served any Defendant with the Complaint.

## II. PLAINTIFF'S ALLEGATIONS AND ALLEGED DAMAGES

3. Plaintiff's Complaint seeks to have the court define the terms of a patent license from defendants, which is a defense to a claim of patent infringement. But for Plaintiff's infringement of Defendants' patents, Plaintiff would have no need to seek a license from Defendants. Specifically, HP's position is that it is not liable for patent infringement because it is a third party beneficiary of a license to Defendants' Standard Essential Patents ("SEPs") issued by the U.S. Patent and Trademark Office and national authorities around the world, and that Defendants refused to offer HP fair, reasonable, and non-discriminatory ("FRAND") licensing terms for the SEPs. According to the Complaint, certain defendants promised to license their SEPs on FRAND terms "as a condition to having the technology recited in their patents incorporated into the relevant standard . . . ." (Compl. ¶ 5.)

4. The patents at issue are allegedly related to ultra-high-definition video technology known as H.265 or High Efficiency Video Coding ("HEVC"), but the Complaint fails to identify

---

[1] Citations herein to portions of Plaintiff's Complaint refer to that contained within Exhibit B.

any of the patents that are the subject of HP's claims. (Compl. ¶ 1.) HP's claims pertain to unidentified SEPs licensed implicitly through the HEVC Advance Pool—a "pool" of SEPs administered by Access Advance, as well as through bilateral licenses offered by the patent holders who participate in the pool.

5. Specifically, the Complaint purports to assert multiple claims premised on the same underlying factual allegation that FRAND terms for patent licensing have not been offered for Plaintiff's infringing activity: (I) breach of the FRAND contract, (II) breach of the implied covenant of good faith and fair dealing for allegedly failing to offer a FRAND license, (III) promissory estoppel based on HP's purported reliance on a FRAND promise, (IV) unfair and deceptive practices in violation of Massachusetts General Laws Chapter 93A, § 11 for alleged failure to keep a promise to offer a FRAND license, and (V) declaratory judgment to declare FRAND terms. The only cause of action not entirely premised on HP's FRAND allegations is Count VI, an alleged breach of a non-disclosure agreement by Access Advance allegedly occurring in Germany in connection with litigation pending in Germany. (*See* Compl. ¶¶ 50–80.)

6. The Complaint seeks various forms of relief, including damages, declaratory relief setting a worldwide FRAND rate on worldwide patents, attorneys' fees, and costs of suit. (Compl. ¶¶ 83–84.)

### III. GROUNDS FOR REMOVAL: FEDERAL QUESTION JURISDICTION AND SUPPLEMENTAL JURISDICTION

7. Jurisdiction is proper in this Court because HP's claims I–V pose a federal question over which federal courts have original jurisdiction under 28 U.S.C. § 1331, § 1338, and § 2201.

8. In sum, HP manufactures five causes of action all dependent on addressing whether FRAND patent licensing terms have been offered and seeking a declaration "of the FRAND terms and conditions for HP to license" a global patent portfolio, including (a) a "determination of the

royalty rate to be paid by HP;" (b) a determination that certain patent rights within the HEVC Advance Pool are exhausted because HP already has a license to those patents; and (c) a determination that certain HP products do not infringe any patents within the HEVC Advance Pool and therefore that "HP is not required to pay a royalty" on those products.  (Compl. ¶ 76.)  HP seeks further declarations that the Defendants have not offered HP licenses on FRAND terms and conditions.  (Compl. ¶ 76.)

9. Federal question jurisdiction exists over claims, such as those brought by HP, if the underlying coercive action that the declaratory judgment defendant could have brought would necessarily present a federal question.  *Great Clips, Inc.* v. *Hair Cuttery of Greater Bos., L.L.C.*, 591 F.3d 32, 35 (1st Cir. 2010) (citing *Franchise Tax Bd.* v. *Constr. Laborers Vacation Tr.,* 463 U.S. 1, 19 (1983)).

10. The underlying coercive actions that Dolby, Mitsubishi, and Philips could have brought, and which HP seeks to guard against through its request for declaratory judgment, are patent infringement claims.  HP seeks declarations as to two defenses to patent infringement—non-infringement and patent exhaustion—and as to the damages that it owes for infringement of HEVC Advance Pool patents.  The underlying coercive patent infringement actions fall within the original jurisdiction of the federal courts under 28 U.S.C. § 1331 and § 1338, and, therefore, so too does HP's declaratory judgment claim fall within the original jurisdiction of the federal courts.

11. As noted above, HP's claims for breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), promissory estoppel (Count III), and unfair and deceptive acts under Massachusetts state law (Count IV) all depend on HP's allegation that the Defendants have failed to offer HP a FRAND license.  (Compl. ¶¶ 50–73.)  If the Court determines to adjudicate these claims, the Court will have to determine what constitutes a FRAND license for

issued patents and will have to answer the same federal questions posed by HP's declaratory judgment claim (Count V), namely, whether HP succeeds on its two defenses against patent infringement and what damages HP owes for patent infringement. Thus, this Court has original jurisdiction over these claims under 28 U.S.C. § 1331 and § 1338 as they each pose federal questions. In the absence of original jurisdiction under § 1331 or § 1338, these claims arise under this Court's supplemental jurisdiction under 28 U.S.C. § 1367 because they arise under the same "case or controversy" as HP's declaratory judgment claim.

12. To the extent this Court is the appropriate forum to adjudicate Count VI based on conduct purportedly occurring in Germany, this Court also has supplemental jurisdiction over HP's remaining claim for breach of non-disclosure agreement because that claim derives from the same "common nucleus of operative fact" as Counts I–V, over which this Court has original jurisdiction. *See United Mine Workers of Am.* v. *Gibbs*, 383 U.S. 715, 725 (1966). HP argues that the "German proceedings," in which the confidential materials were allegedly disclosed in breach of a non-disclosure agreement, "are a blatant effort to pressure HP, through the expense of patent litigation and the threat of injunctions, to sign a license agreement to the HEVC Advance Pool on supra-FRAND terms." (Compl. ¶ 44.) HP further alleges that the breach of the non-disclosure agreement "was yet another effort to gain unfair leverage over HP" in licensing negotiations. (Compl. ¶ 49.) HP also asserts that the same act—Access Advance's alleged disclosure of information to Dolby, Mitsubishi, and Philips—underlies both its claims of breach of the non-disclosure agreement (Count VI) and breach of the obligation of good faith and fair dealing (Count II). (Compl. ¶¶ 49, 57–60). Because HP argues that breach of the non-disclosure agreement directly relates to its allegations of FRAND violations, it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United

States Constitution," 28 U.S.C. § 1367(a), giving the District Court supplemental jurisdiction over Count VI.

### IV.     PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

13.     <u>Removal to Proper Court.</u>  This Court has original jurisdiction under 28 U.S.C. § 1331, § 1338, and § 2201 and supplemental jurisdiction under § 1367 and is part of the "district and division embracing the place" where the State Court Action is pending.  As such, this Court is a proper venue for removal.  28 U.S.C. § 1441(a).

14.     <u>Removal Is Timely.</u>  Defendants are entitled to remove this action from the State Court at any time up to 30 days after receipt of a copy of the pleading.  *See* 28 U.S.C. § 1446(b).  The earliest date the Complaint was received by any Defendant was July 25, 2024, via e-mail, and as such this Notice of Removal is timely.

15.     <u>Consent of All Defendants.</u>  All Defendants have consented to removal.  *See* 28 U.S.C. § 1446(b)(2)(A).

16.     <u>Process and Pleadings.</u>  As of the filing of this notice, Plaintiff has not served upon Defendants any copies of all process, pleadings, and orders.  *See* 28 U.S.C. § 1446(a).  Pursuant to Local Rule 81.1(a), Defendants will file copies of all records, proceedings, and docket entries in the State Court Action within 28 days of filing this Notice.

17.     <u>Notice.</u>  Defendants will promptly serve upon Plaintiff's counsel and file with the Clerk of the State Court a Notice of Filing of Notice of Removal, attached hereto as Exhibit C, pursuant to 28 U.S.C. § 1446(d).

18.     Defendants have paid the appropriate filing fee to the Clerk of this Court upon filing of this Notice.

## V. NON-WAIVER OF DEFENSES

19. By removing this action from the State Court, Defendants do not waive any defenses available to them.

20. By removing this action from the State Court, Defendants do not admit to any of the allegations in Plaintiff's Complaint.

WHEREFORE, Defendants remove the above-referenced action from the State Court to the United States District Court for the District of Massachusetts.

Respectfully submitted,

Dated: August 23, 2024            */s/* Andrew T. O'Connor

Andrew T. O'Connor (BBO# 664811)
GOULSTON & STORRS PC
One Post Office Square
Boston, Massachusetts 02109
Tel.:   (617) 574-4153
aoconnor@goulstonstorrs.com

Richard M. Zielinski (BBO# 540060)
GOULSTON & STORRS PC
One Post Office Square
Boston, Massachusetts 02109
Tel.:   (617) 574-4029
rzielinski@goulstonstorrs.com

Garrard R. Beeney (*pro hac vice forthcoming*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel.:   (212) 558-4000
Fax:   (212) 558-3588
beeneyg@sullcrom.com

*Counsel for Defendants Access Advance LLC, Dolby International AB, Dolby Laboratories Licensing Corporation, Mitsubishi Electric Corporation, and Koninklijke Philips N.V.*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on August 23, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Massachusetts using the CM/ECF system that will send notification of such filing to all counsel of record. I further certify that, on August 23, 2024, I electronically served the foregoing upon HP's counsel of record in the State Court Action via email to the following email addresses:

    William.Davison@ropesgray.com;
    Daniel.Ward@ropesgray.com;
    Amanda.Pine@ropesgray.com;
    Matthew.Rizzolo@ropesgray.com;
    mwhitley@beckredden.com;
    adawson@beckredden.com;
    myoung@beckredden.com.

                                                  */s/ Andrew T. O'Connor*

                                                Andrew T. O'Connor
                                                GOULSTON & STORRS
                                                One Post Office Square
                                                Boston, Massachusetts 02109
                                                Tel.:  (617) 574-4153
                                                aoconnor@goulstonstorrs.com